## JOSEPHINE BARNARD

*v.*

## WILLIAM H. W. CUSHMAN.

35  451
168  238

1.  PLEADING IN CHANCERY — *of the proper allegations in the bill.* The stating part of a bill in equity should narrate the facts and circumstances upon which the complainant seeks relief, and to sustain the bill, they must be such as, *prima facie*, entitle him to the relief sought. A fundamental rule of pleading forbids all unnecessary allegations.

2.  In applying these rules to particular cases, if an allegation is one that in no manner tends to establish the complainant's right, and is of no benefit to the defendant, no good reason requires it to be made. The complainant may make such allegations as tend to establish his right, and the defendant may insist upon such as he is entitled to for his own benefit and advantage.

3.  SAME — *of the maxim that "a party asking equity must offer to do equity."* That maxim applies to cases where the equity required to be offered is one which would not be enforced without the offer.

4.  Under circumstances where such an offer would operate as a waiver of a forfeiture, or as a release of any technical right, or be of any other advantage to the defendant, there is some reason in requiring it to be made.

5.  But where the offer in no manner tends to establish the complainant's right, and would be of no benefit to the defendant, it is unnecessary.

6. SAME — *requisites of a bill to redeem from a mortgage.* Where the assignee of the equity of redemption, in seeking to redeem from a mortgage, states in his bill the existence of the mortgage, and that he is the owner of the equity of redemption, these facts are all that are required to give a *prima facie* right to redeem.

7. SAME — *and herein of a tender.* The party thus seeking to redeem is not required to offer to pay the money due before filing his bill, or to make any allegation of such offer.

8. SAME — *effect of tender in saving costs and interest — and the allegation thereof.* He may entitle himself to costs and a suspension of interest by a proper tender of the amount due before the commencement of suit, and under such circumstances, to show his right to relief in those respects, the allegation would be a material one, but not otherwise.

9. PRACTICE IN CHANCERY — *retaining bill for amendment.* In a case where it is necessary for a complainant to offer to pay money, and the offer is insufficiently made or alleged in the bill, and a demurrer is sustained thereto for that reason, the bill should not be dismissed, but should be retained with liberty to amend the offer made.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a suit in chancery instituted by Josephine Barnard against William H. W. Cushman, to redeem from an equitable mortgage.

It appears from the allegations in the bill, that Zelotas Barnard, being the owner of certain premises, conveyed them by deed to Cushman to secure him in certain sums which he was at the time owing him, and for the purpose of securing Cushman in certain other matters, appearing from the following agreement to reconvey: "I will deed to Z. Barnard the house he lives in and the lots on which his shop is built and now occupied by him, on his paying to me such sums as may be found due to me now or hereafter, according to an understanding and arrangement between said Barnard and myself. Provided, also, that he pays all demands that I may be security for him."

(Signed)        WILLIAM H. W. CUSHMAN.

It is alleged in the bill that the indebtedness for which Cushman holds said real estate, consists of balances for advances

of money made by him, and on account for merchandise sold by him to Barnard and to others on orders drawn by Barnard on Cushman, which may remain due after deducting payments made by Barnard on account.

The complainant alleges that she is unable to ascertain the exact condition of accounts, for the reason that Barnard intrusted the keeping of the accounts to Cushman, and did not himself keep any book of accounts in relation thereto; that Cushman, though repeatedly requested, refuses to render any account of the dealings between him and Barnard. Complainant expresses her belief that the amount fairly due from Barnard to Cushman would not vary much from $400.

She alleges that after having conveyed the premises to Cushman, Zelotas Barnard conveyed to her by deed all his right, title and interest therein, being the right in equity to redeem the same by paying to Cushman the amount due him in respect thereto. She prays that an account be stated, and upon payment thereof, Cushman convey the premises to her. Complainant offers to pay the $400, and dismiss this bill at her costs, if Cushman will so convey said premises free from incumbrance. Concluding with a prayer for general relief.

Cushman demurred to the bill, alleging as the principal ground of demurrer, that the complainant does not offer to pay him the sum which was due him from Zelotas Barnard, and all demands upon which he was security for Barnard.

The Circuit Court sustained the demurrer and entered a decree dismissing the bill.

The complainant thereupon sued out this writ of error, and now questions the ruling of the court in sustaining the demurrer and dismissing the bill.

Messrs. LELAND & BLANCHARD, for the plaintiff in error.

Messrs. GLOVER, COOK & CAMPBELL, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The stating part of a bill in equity should narrate the facts and circumstances upon which the complainant seeks relief, and to sustain the bill they must be such as *prima facie* entitle him to the relief sought. A fundamental rule of pleading forbids all unnecessary allegations. There is no difficulty in the application of these rules to particular cases. If an allegation is one that in no manner tends to establish the complainant's right, and is of no benefit to the defendant, no good reason requires it to be made. The complainant may make such allegations as tend to establish his right, and the defendant may insist upon such as he is entitled to for his own benefit and advantage. In the case under consideration the complainant seeks to redeem from a mortgage. She states in her bill the existence of the mortgage and that she is the owner of the equity of redemption. These facts are all that are required to give her a *prima facie* right to redeem. She was not required to offer to pay the money due before bringing her bill, or to make any allegation of such offer.

She might have entitled herself to costs and to a suspension of interest, by a proper tender of the amount due before the commencement of suit, and under such circumstances, to show her right to relief in those respects, the allegation would be a material one, but not otherwise. From the facts stated, she has a right to have an account taken of the sum due on the mortgage, and an opportunity to pay it.

This right does not depend upon any offers or concessions which she might make by her bill, but upon the fact that she is the owner of the equity of redemption, and that she has the right to discharge the incumbrance thereon. An offer in the bill to pay the amount due on the mortgage, would in no manner tend to establish the complainant's right. The next inquiry is, whether such an offer would have been of any advantage or benefit to the defendant. If not, he is not entitled to have it made. The complainant would have the same right to dismiss her bill before a decree, whether the offer was or was not made. If made, it would not place her under any greater or new obligations to pay the debt. It would not

confer upon the court any power which it would not otherwise have; and there is no conceivable benefit or advantage to the defendant in having such an offer made. We understand that the maxim "that a party asking equity must offer to do equity," applies to cases where the equity required to be offered is one which would not be enforced without the offer. Why should a defendant be at liberty to insist upon a formal offer when it can be of no benefit to him or to any one else? Under circumstances where such an offer would operate as a waiver of a forfeiture, or as a release of any technical right, or be of any other advantage to the defendant, there is some reason in requiring it to be made; but where the offer in no manner tends to establish the complainant's right, and would be of no benefit to the defendant, we are of the opinion that it is unnecessary. But even if an offer should have been made, the bill should have been retained, with liberty to amend the offer made therein.

The decree of the court is reversed and the cause remanded.

*Decree reversed.*