# WILLIAM M. DAVIS

## *v.*

## ANDREW J. DRESBACK *et al.*

1. SERVICE OF PROCESS—*impeaching return of sheriff.* Where third parties have not acquired rights upon the faith of a return of service by a sheriff, and none are to be affected except the parties to the record in which the return is made, it is proper to resort to parol evidence for the purpose of impeaching the return.

2. But whilst resort may be had to parol proof for the purpose of impeaching a sheriff's return, it should not be set aside except upon clear and

satisfactory evidence, and the testimony of the party upon whom service purports to have been made, that he was not served, is not, of itself, sufficient to authorize the setting aside of the return of a sworn officer.

3. JUDICIAL SALES—*when lands should be sold in parcels.* Where several distinct tracts of land are ordered to be sold by a master in chancery by decree, it is the duty of the officer to offer each tract for sale separately; but when a mortgage is given on a certain quarter section or tract of land described by metes and bounds as one tract, and a decree of sale is rendered, in which the land is described as in the mortgage, he is not required to offer the land for sale in subdivisions.

4. SAME—*inadequacy of price.* Where there is a redemption from a sale provided by law, inadequacy of price for which land is sold is not a sufficient reason for setting aside the sale.

5. REDEMPTION—*agreement to extend time of, will be enforced.* A contract extending the time of redemption of land sold, beyond the time limited by the statute, will be enforced and a redemption allowed within the time designated in the contract.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. NELSON & ROBY, for the appellant.

Mr. I. A. BUCKINGHAM, and Mr. A. B. BUNN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Andrew J. Dresbach and Hester A. Dresbach, for the purpose of vacating and setting aside a sale of certain premises which had been purchased by appellant on the 4th day of March, 1873, under a decree of foreclosure rendered in November, 1872, in favor of appellant and against appellees, wherein the premises had been sold for $242.86.

On the hearing the court rendered a decree that the sale be vacated and the decree of foreclosure be set aside, on the ground that no service had been had upon appellees, the return of the sheriff on the summons being false and fraudulent, and on the further ground that the premises were sold *en masse* when twenty acres thereof would have sold for enough to satisfy the decree.

The return of the sheriff, indorsed upon the summons, shows that appellees were duly served with process; this was supported by the evidence of the deputy sheriff, who testified that he served the summons at the time, and in the manner stated in the return.

For the purpose of impeaching the return of the sheriff the appellees were sworn, and testified that they were never served with process in the case, either by the sheriff or his deputy.

Where third parties have not acquired rights upon the faith of a return of service by a sheriff, and none are to be affected except the parties to the record in the case in which the return is made, it is proper to resort to parol evidence for the purpose of impeaching the return of the sheriff, as was held in *Owens* v. *Ranstead*, 22 Ill. 161.

But while resort may be had to parol proof for that purpose, the rights of parties and sound public policy require that a return of a sworn officer should not be set aside except upon clear and satisfactory evidence.

If the return of a sheriff can be impeached and a judgment and decree vacated upon the evidence alone of the defendant, who has been served with process, that stability which characterizes our judicial proceedings will be lost and a wide door will be opened for the temptation to commit perjury by the unscrupulous.

The return of a sheriff on process is made in due regard to his duty as an officer as well as his official oath, and, besides, he well knows that for a false return he and his sureties are liable upon his official bond. These restraints are ordinarily sufficient to keep a sheriff within the line of his duty, as well as to protect those who may be sued from a false return.

It may be true that appellees were not served with process, as they testified. They are, no doubt, honest in their evidence; but there is no such preponderance in the proof as will justify a court in impeaching a return made by a sworn officer. The precedent would be dangerous, and we are not prepared to sanction it.

The premises sold are described in the mortgage and decree by metes and bounds as one tract of land, consisting of one hundred and twenty acres.

The decree directed the master in chancery to sell the land, or so much thereof as was necessary to pay the debt.

The testimony shows the land was worth at the time of the sale $30 per acre, and that ten acres were worth the amount of the debt for which the whole was sold.

The master in chancery was not, however, directed or even requested to sell the land in parcels. Where several distinct tracts of land are ordered sold by a master in chancery by decree, it would, no doubt, be the duty of the officer to offer for sale each tract separately; but where a mortgage is given on a certain quarter section, or a tract of land described by metes and bounds as one tract, and a decree of sale is rendered in which the land is described as in the mortgage, we are aware of no rule that requires the master in chancery to offer the land for sale in subdivisions.

The premises in controversy sold for a small price in comparison with the true value, but there was a redemption from the sale provided by law, and inadequacy of price has not been regarded, of itself, a sufficient reason to set aside a sale.

We are therefore of opinion that the evidence contained in record is not sufficient to impeach the return of the sheriff upon the summons, nor was the sale of the premises by the master in chancery as one tract of land sufficient ground to set aside the sale. It appears, however, from the evidence, that before the time of redemption allowed by law had expired, and on the 20th day of March, 1874, an interview was had between appellant and Andrew J. Dresbach, appellee, on the premises, in which appellant agreed that appellee should have until the next fall to pay and discharge the mortgage debt.

This agreement was clearly established by the testimony of appellee, and another witness who was entirely disinterested. The fact of the interview, and an agreement to extend the time of payment, is admitted by appellant, but he says it occurred in February, and the time of payment was extended until May,

but appellant's evidence can not overcome that of the other two witnesses upon this point.

This agreement to extend the time of payment appellant disregarded as soon as the time provided by the statute for redemption expired, and, in plain violation of his contract, he obtained a deed and attempted at once to obtain possession of the premises, and absolutely refused to take the amount of his debt, interest and costs, although appellee then offered that and even more.

This court has held in several cases that a contract extending the time of redemption of lands sold beyond the time limited by the statute, will be enforced and a redemption allowed within the time designated in the contract. *Stephens* v. *Ill. Mutual Fire Insurance Co.* 43 Ill. 327; *Pensoneau* v. *Pulliam*, 47 Ill. 58.

It may be said the contract was not based upon a sufficient consideration to make it obligatory upon appellant, but if that were true, appellant occupies no better position. If it was a valid contract it should be enforced; if appellant did not intend to be bound by the agreement, then it can only be regarded as a trick or device fraudulently entered into for the purpose of deceiving appellee, and inducing him to allow the time of redemption to pass by, so that appellant could obtain the title to land worth over three thousand dollars for less than three hundred.

In the interview, if appellant did not intend to extend the time of payment, good faith required that he should have so stated; he had no right to induce appellee to believe that he could have until fall to redeem, and then fraudulently take advantage of the faith and confidence which he had inspired. Such conduct can not be approved and sanctioned in a court of conscience.

The decree of the circuit court will be reversed, and the cause remanded with directions to enter a decree allowing the premises to be redeemed in sixty days, upon the payment of the amount of money bid by appellant for the premises, on

the sale under the decree, together with ten per cent interest from the date of sale, with leave also to appellees to amend their bill, if they see proper.

*Decree reversed.*