E. ESSLEY ET AL.

V.

JOHN SLOAN ET AL.

1. USURY, DEFENSE OF—CONTRACT WITH MORTGAGEE.—Where the grantee took land subject to the payment of the trust deed, not by operation of the law merely, but by the express agreement of the parties to the conveyance and without any authority from the grantor to interpose the defense of usury; in such case the defense can not be made, as the vendee can not be allowed to say that the contract of the vendor with the mortgagee was not obligatory upon him.

2. BILL TO REDEEM—TENDER.—Where a bill states the existence of the mortgage, and that the complainant is the owner of the equity of redemption, it is sufficient *prima facie* to constitute a good bill for redemption. Where parties make a tender of the amount they claim to be due, whether a sufficient amount has been tendered, will only affect the question of costs, and is not conclusive upon the right of redemption. The bill in this case contains every allegation necessary to entitle appellant to redeem.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed February 5, 1885.

This is a bill in equity filed in the circuit court by appellants against appellees, the averments of which briefly stated are substantially as follows: That Essley, on January 15, 1872, borrowed of one McKinney the sum of two thousand dollars, payable in one year, for which he gave his note bearing ten per cent. interest from date. That said loan was usurious, stating the terms of the loan showing that fact. That to secure such loan he executed a trust deed with power of sale upon the land in the bill to the appellee Bassett. That he paid to said McKinney various sums of money, giving amounts and dates, at different times from the date of said note up to February, 1878. That said Bassett and McKinney on the 3rd day of April, 1875, released fifty acres of said premises from the lien of said trust deed. February 8, 1878, Essley conveyed said premises to one William Drury by general warranty deed, except as against the trust deed to Bassett, and other incumbrances

enumerated in the deed. That said Drury conveyed said premises on February 25, 1878, to one Bigelow, by warranty deed subject to same trust deed and other liens thereon, and that Bigelow made certain payments to McKinney, and that in January, 1881, the interest of said note was reduced, by agreement between Bigelow and McKinney, to eight per cent. per annum. That March 24, 1884, said Bigelow conveyed by quit-claim deed all said premises to Ballard, one of the complainants. That January 4, 1884, said McKinney assigned said note to the defendant John C. Sloan, who has presented the same to defendant Bassett and requested him as trustee to sell said premises under the power contained in said trust deed, for non-payment of the note, and that Bassett in pursuance of said request had advertised all said premises for sale on the 14th day of June, 1884. The bill further alleges that there had been paid on said note the sum of $2,459.66 and after computing six per cent. upon the amount actually received upon said note by Essley, viz., $1,940, there remains due thereon the sum of $425 only, and that on the 11th day of June, 1884, the complainants tendered to said Sloan the sum of $500, and demanded the surrender of the note and a release of the trust deed which Sloan refused to receive.

The bill then states that: "Complainants bring the said $500 into court, and hereby offer to deposit the same with the clerk of this court, or at any other place that the court may direct, to be subject to the use of the defendant, as the court may direct. And the complainants stand ready to bring forward or deposit and pay, any further sum that this court order or find equitably due to the defendants. Prays that the defendants, Bassett and Sloan, may be enjoined from selling said real estate; that they may be summoned to answer the bill of complaint, but not under oath, and that an account may be taken of the amount paid on said note and that the loan be declared usurious, and the payments go in discharge of the principal, and that the amounts found to be due on the same, may be, by this court, ordered to be paid to the said defendants by the complainants, and that the complainants shall have a decree, commanding the said Sloan to deliver to the

complainant, Elisha Essley, the said promissory note, and the said Bassett and Sloan to release said real estate, not heretofore released from said deed of trust, and to forever refrain from selling or offering to sell the same under said trust, and for such other and further relief as is right and meet.

The defendant Sloan filed a general demurrer to the bill, which was sustained by the court, and a decree entered dissolving the temporary injunction, which had been ordered in vacation by the master, and dismissing the bill as to both the defendants, and the complainants appealed.

Messrs. BASSETT & WHARTON, for appellants; that when the demurrer is general, if any part of the bill is good, the demurrer should be overruled, cited Story's Eq. Pl. § 443; 1 Daniell's Ch. Pr. 651; Robinson v. Guild, 12 Metcalf, 327; Dimmock v. Bixby, 20 Pick. 368; Brown v. Hogle, 30 Ill. 119; Gooch v. Green, 102 Ill. 511; Verplank v. Caines, 1 John. Ch. 59; Higginbotham v. Burnet, 5 Johns. Ch. 184; Beach v. Beach, 11 Page, 161; Rowland v. Doty, Harrington Ch. (Mich.) 3.

The mortgagor may convey and authorize his grantee to take advantage of the usury: Valentine v. Fish, 45 Ill. 462; Pike v. Crist, 62 Ill. 461; 1 Jones on Mortgages, § 644.

A purchaser of the land may interpose the defense: Shufelt v. Shufelt, 9 Paige, 138; Bennett v. Keehn, 57 Wis. 582; Gunnison v. Gregg, 20 N. H. 100; Berdan v. Sedgwick, 44 N. Y. 626; Bullard v. Raynor, 30 N. Y. 197; Banks v. McClelland, 24 Md. 62; McAllister v. Jerman, 32 Miss. 142; Doub v. Barnes, 1 Md. Ch. 127.

As to equity of redemption: 2 Jones on Mortgages, §§ 1013, 1023; Brown v. Gaffney, 32 Ill. 251; Roberts v. Fleming, 53 Ill. 198; Henry v. Davis, 7 Johns. Ch. 40; Gibson v. Crehone, 5 Pick. 146.

Mr. JOHN C. PEPPER, for appellees; as to usury, cited Tyler on Usury, Ch. 31; Adams v. Robertson, 40 Ill. 45; Daub v. Engleboch, 109 Ill. 267; Thompson v. Dearborn, 107 Ill. 87; Rogers v. Herron, 92 Ill. 583; Flagg v. Geltmacher, 98

Ill. 293; Johnson v. Zink, 51 N. Y. 355; Green v. Kemp, 7 Am. Dec. 169; Engle v. Harris, 43 Am. Dec. 624.

PILLSBURY, J. We quite agree with the court below that, under the averments of this bill, Ballard, the owner of the equity of redemption in the mortgaged premises, is in no position to derive any benefit from the fact that the loan from McKinney to Essley was tainted with usury. The copies of the deed from Essley to Drury and from Drury to Bigelow, made a part of the bill by direct reference, shows, presumptively at least, that the amount of the trust deed to Bassett was deducted from the purchase money.

The conveyance by Essley is made subject to such trust deed by its terms, and nothing appearing upon the record to disclose usury in the loan, it must be presumed that Essley intended to subject the land to the payment of the trust deed according to its terms. There does not appear to have been any concealment by Essley from his grantee of the nature of the incumbrance, nor that no deduction was made from the purchase price because of it.

The grantee, therefore, took the land subject to the payment of the trust deed, not by operation of the law merely, but by the express agreement of the parties to the conveyance, and so far as it appears, without any authority from Essley to interpose the defense of usury, thus bringing the case within the principles announced in Henderson v. Bellew, 45 Ill. 322, and Valentine v. Fish, Ibid. 462, where it is held that in such case the defense can not be made, as the vendee can not be allowed to say that the contract of the vendor with the mortgagee was not obligatory upon him.

While it is said in some of the earlier cases that it was essential to the right of the vendee to plead usury that he should be expressly authorized by the mortgagor so to do, it would seem from the later decisions that this authority may be implied as well as expressed—Maher v. Lanfrom, 86 Ill. 522, where it is held that such authority will be implied when the grantee takes the land subject to the mortgage by operation of law alone, having no actual notice of the incumbrance, and

there being no account taken of it in fixing the amount to be paid for the premises.

From the arguments of counsel filed in this court it would seem that the question of the right of Ballard to rely upon the defense of usury was made the principal issue between the parties in the court below upon the argument of the demurrer, and the other questions arising upon the face of the bill, and affecting the equities of the complainants, were treated as of minor importance; otherwise we can not account for the action of the court in refusing to retain the bill.

The bill states the existence of the mortgage and that Ballard is the owner of the equity of redemption which, under the authority of Barnard v. Cushman, 35 Ill. 451, is sufficient *prima facie* to constitute a good bill for redemption. But this bill goes further; it alleges a tender of the amount complainants claim to be due and avers a readiness and willingness to pay any sum the court may find equitably due, and asks the court to ascertain the amount, and upon payment of the same the note be surrendered and the trust deed discharged. Whether a sufficient amount has been tendered will only affect the question of costs, and is not conclusive upon the right of redemption. Barnard v. Cushman, *supra*.

The right of redemption is so firmly engrafted upon the law of mortgages, and so fully protected and enforced, that the mortgagor's solemn agreement that upon non-payment the estate shall be forfeited is held utterly void in equity: 2 Story's Eq. Juris., § 1019; and in East India Co. v. Atkyns, Comyns, 374, it is said that if a man make a mortgage and covenants not to bring a bill to redeem, nay, if he goes so far as in Stisted's case, to take an oath that he will not redeem, yet he shall redeem. See also, Willets v. Burgess, 34 Ill. 494.

His only remedy after condition broken is in a court of equity. His estate at law is gone. He, in our State, is not the owner of the fee after breach of condition, and can not defend in ejectment nor maintain ejectment if the mortgagee be in possession. And therefore, in case of trust deeds with power of sale, he must either submit to pay whatever the

*cestui que trust* may demand, or have his equity of redemption sold beyond any power of reclamation if he can not appeal with success to the court of equity to protect that right which originated in that tribunal. Under the strictest rules of equity we think this bill contains every allegation necessary to entitle Ballard to the right to redeem, and that it was error not to retain the bill, ascertain the amount due by reference to the master, and enter a decree that upon payment of such amount by him by a certain time to be fixed by the court, that the lien of the trust deed be discharged, or in default of its payment that the bill stand dismissed.

The point has been made that Essley is not a proper party to the bill. As the bill shows that he made various payments upon the note and account is asked, we think he is a proper party enough, although perhaps not a necessary party. 2 Jones on Mortgages, Sec. 1098; Valentine v. Fish, *supra.* The fifty acres released by Bassett was also advertised to be sold with the residue of the premises, and it is admitted by the demurrer that it would have been sold if the defendant had not been enjoined. The averments in the bill show that Ballard bought this fifty acres with the other land, but the deed from Essley to Drury does not seem to include it. If Essley still owns it, his right to an injunction would seem to be clear, in order to prevent a cloud upon his title, and the same may be said of Ballard if he purchased it. However, as the decree will be reversed, the bill, in this particular, can be amended so as to make the matter clear.

For the reason stated the decree will be reversed and the cause remanded.

Decree reversed.