RUBERT L. TAYLOR

*v.*

MATHIAS DILLENBURG.

*Opinion filed November 1, 1897.*

1. REDEMPTION—*no offer to redeem is necessary before filing bill to redeem from foreclosure.* To entitle a mortgagor to maintain a bill in equity to redeem from a foreclosure sale it is not necessary that he make a formal tender or allege in his bill an offer to redeem.

2. SAME—*a period of thirty days allowed by decree for redemption held unreasonably short.* Thirty days allowed a mortgagor by a decree in which to redeem from a foreclosure sale, the amount to be paid being nearly $6400, are held, under the circumstances, to be an unreasonably short time, and ninety days are allowed.

3. PRACTICE—*when Supreme Court will order modification of decree without reversing.* Where, on appeal from a proceeding in equity to redeem from a foreclosure sale, the Supreme Court agrees with the trial court in all things excepting the time allowed for redemption, the decree will be affirmed, with directions for its modification concerning the period of redemption.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This is a bill in chancery by Rubert L. Taylor, the appellant, filed in the circuit court of Cook county, praying that he may be permitted to redeem his equity in certain lands in Cook county from a foreclosure, the time for re-

demption as provided by statute having expired. He alleges that the lands were sold under regular foreclosure proceedings on January 4, 1895, to Nicholas Wantz, for $5022.81, and a certificate of purchase delivered to him; that he afterwards assigned the certificate of purchase to Mathias Dillenburg, the defendant; that by agreement made in November, 1895, between Taylor and Dillenburg, the time for redemption was extended to the fourth day of April, 1896; that afterwards, on March 31, following, a few days prior to the time for redemption under the agreement, a new and further agreement was made and entered into between the parties extending the time six months longer,—that is to say, from April 4, 1896, to October 4, following; that the consideration for the extension was $750, to be paid by complainant to defendant "in addition to the amount due under the terms of said certificate of sale, and also whatèver sum or sums said Mathias Dillenburg, or his assignor, Nicholas Wantz, had paid out for taxes assessed against said premises;" that afterwards defendant repudiated his agreement to extend the time of redemption, and in violation thereof presented his certificate of purchase to the master in chancery, received a deed for the premises and had it recorded. The prayer is that an account may be taken of the amount due under the certificate, and the amount paid out for taxes, etc., and the sum of $750 agreed to be paid by complainant, and that he may be permitted to redeem said premises within such reasonable time as may be fixed by the court, and that the master's deed may be canceled.

A general demurrer was filed to the bill and overruled by the court, and defendant ordered to answer. Answer was filed admitting all the allegations of the bill except that relating to the agreement to extend time for redemption, which was expressly denied. Upon replication being filed, the cause was heard and a decree rendered permitting complainant to redeem upon his paying to the defendant, "within thirty days, $5022.81, with legal inter-

est from January 4, 1895, to April 4, 1896, and with interest at the rate of five per cent per annum from April 4, 1896, until the date of decree; and also the further sum of $750 found due to the defendant under the terms of the agreement set forth in the bill of complaint,—in all, the sum of $6399.98," etc.   From this decree complainant (the appellant here) prays an appeal, insisting upon a reversal on the ground that the time for redemption as fixed by the court was unreasonably short and was not ample.   Cross-errors were assigned by appellee.

SEYMOUR EDGERTON, for appellant.

CHARLES L. MAHONY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The cross-errors assigned upon this record will be considered first.   It is insisted that the court erred in treating the bill as one for redemption from a mortgage foreclosure, and not as one for the specific performance of a contract, and also that the court erred in finding that there was an agreement to extend the time for redemption beyond April 4, 1896,—the chief question of fact at issue.

The object of the bill, as appears from the facts alleged and the prayer, is to redeem from the foreclosure sale.   It sets up a state of facts which, if true, clearly entitles the complainant, in equity, to redeem, and we are satisfied the court was right in treating the bill as one for redemption.   *Davis* v. *Dresback*, 81 Ill. 393, and cases there cited.

As to the question of fact, we have carefully examined the evidence submitted, and think the court was clearly warranted in finding that there was an agreement, upon good consideration, to extend the time for redemption to October 4, 1896, as alleged in the bill.

It is also insisted that the appellant did not perform, or offer to perform, his part of the contract for the exten-

sion, within the six months limited by the contract; that he has not alleged, by his pleadings, a sufficient excuse for its non-performance, and that the bill was demurrable for that reason and should have been dismissed for want of equity. Both from the bill and from the evidence it appears that the defendant *had refused* to comply with his contract to extend the time for redemption, and we know of no law which requires the complainant, under such circumstances, to make a formal offer of performance on his part before filing the bill. Moreover, it must be remembered that this is a bill to redeem from a foreclosure, and the law does not require a mortgagor to make a formal tender or allege an offer to redeem in his bill before he is entitled to redeem. (*Barnard* v. *Cushman,* 35 Ill. 451; *Dwen* v. *Blake,* 44 id. 135.) We find no merit in the cross-errors assigned by the appellee.

The main question for decision, and upon which this cause is brought to us by appellant, is, were the thirty days allowed him within which to redeem from the sale a reasonable time? What is a reasonable time in which to redeem in cases of this character, rests in the sound discretion of the court, in view of all the circumstances of the case, and appellant's contention is, that the time limited by the decree was not, in this instance, a reasonable time, and that the court, in limiting the time to thirty days, abused its discretion. While there is no definite rule by which the time can be fixed, it does seem that, in view of all the circumstances of the case, thirty days are unreasonably short. Six months are often allowed. (2 Jones on Mortgages, sec. 1107; *Decker* v. *Patton,* 120 Ill. 464.) In other cases a less period has been fixed, but we have found no case in which so large an amount of money was required to make the redemption, limiting the time to thirty days. Most usually ninety days, at least, are given. *Sanders* v. *Peck,* 131 Ill. 407.

While courts of review reluctantly interfere with decisions resting in the sound legal discretion of courts

below, we think, under all the facts of this case, the time allowed was unreasonably short. The large amount of money necessary to redeem, the fact that this particular property at least had been rendered unavailable to the complainant for the purpose of raising that money, and especially the fact that the court, by its decree, required him to pay the full consideration of $750 for the alleged extension of the time to redeem, the benefits of which he was only able to obtain through his action in court, are all facts and circumstances appealing to the mind of the court in favor of the proposition that a greater length of time should have been allowed him to avail himself of the benefit of the decree. The court would have been justifiable in allowing the full time contracted for, as it compelled the complainant to comply with the contract on his part by paying the full amount agreed to be paid by him. (*Davis* v. *Dresback, supra.*) The right to redeem, here given, is an equitable right, and with that right he is entitled to a reasonable and equitable opportunity to realize the full benefit of it, and we think at least ninety days should have been allowed him.

In this view of the case there would seem to be no necessity for remanding the cause, this court having full jurisdiction to modify the decree as indicated. It will accordingly be ordered that the decree of the circuit court be in all things affirmed, except that the complainant be allowed ninety days from this date, instead of thirty days, in which to redeem. We are also of the opinion that in view of this decision and the cross-errors assigned each party should pay his own costs in this court.

*Decree modified.*