MARTHA A. RODMAN *v.* MARTHA A. QUICK *et al.*

and

CENTRAL SAFETY DEPOSIT CO. *v.* MARTHA A. RODMAN.

*Opinion filed October 24, 1905.*

MORTGAGES—*the time for redeeming from prior mortgage must be reasonable.* The time to be allowed to the holder of a second mortgage to make redemption from a prior mortgage, in the foreclosure of which such holder was not made a party, must be reasonable, although it rests largely in the sound discretion of the court; and if the time allowed is too short, the Supreme Court, on appeal, will extend it and affirm the decree in other respects at the appellee's cost.

APPEAL from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

GEORGE W. BROWN, for appellant.

W. H. KETCHAM, and C. H. THOMPSON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Lake county by the appellant, Martha A. Rodman, who was the owner of a note secured by a trust deed upon a farm located in said county, to redeem from a prior mortgage made to Martha A. Quick upon said farm, and which prior mortgage had been foreclosed without appellant being made a party to the proceeding. A decree permitting redemption was entered, from which an appeal was prosecuted to this court by Martha A. Rodman, on the ground the court did not adopt a correct basis for the statement of the account in determining the amount of redemption money necessary to be paid to effect a redemption from the senior mortgage, and that the time fixed within which the redemption should be made was too short a time. The decree was reversed on the first ground and the case was remanded, with direc-

tions to the circuit court to proceed in conformity with the opinion of this court, which opinion is reported in 211 Ill. 546, where will be found a full statement of the facts. That opinion was filed on October 24, 1904, and the case was re-instated in the trial court on January 30, 1905, and on the 30th day of March, following, a decree was entered finding $14,390 to be the amount necessary to be paid by the appellant to the holder of the senior mortgage to redeem therefrom, and it was decreed that the said sum be paid within sixty days from the date of the entry of the decree, and in default of said payment the bill be dismissed, from which decree said Martha A. Rodman has again appealed, on the ground that the time fixed within which said sum should be paid was too short a time within which to permit her to raise said sum of money and redeem from said mortgage.

The original decree fixed the time within which the redemption should be made at ninety days from the entry of the decree, and that time was approved by this court. The time in which a redemption shall be made rests in the sound discretion of the court. The usual time allowed is six months, but that is not obligatory in all cases. (*Bremer* v. *Calumet and Chicago Canal and Dock Co.* 127 Ill. 464.) In *Decker* v. *Patton,* 120 Ill. 464, the time was fixed at twelve months, and in *Taylor* v. *Dillenburg,* 168 Ill. 235, the time was fixed at thirty days. In the latter case the action of the lower court was overruled in fixing so short a time and the decree was modified by this court, extending the time to ninety days from the date of the judgment of affirmance in this court. It was there said (p. 239) : "The right to redeem, here given, is an equitable right, and with that right he (the party entitled to redeem) is entitled to a reasonable and equitable opportunity to realize the full benefit of it, and we think at least ninety days should have been allowed him." This court, when this case was here before, in considering this question said : "The master recommended six months

and the chancellor fixed ninety days.  * * *  We think appellant had ample time in which to determine whether she desired to redeem and to arrange for the payment, and are unable to say that the time fixed by the chancellor was unreasonably short."

The law favors redemptions. The appellant could not know the amount of redemption money necessary until a final decree was entered, and we think sixty days was too short a time in which to require her to raise so large an amount of money. It will not, however, be necessary to reverse the decree and to remand the cause, but, in accordance with the practice followed in the *Taylor case,* the decree of the circuit court will in all things be affirmed, except that the complainant be allowed ninety days from this date instead of sixty days from the date of the decree in which to redeem, and the appellees will pay the costs of this appeal.

*Decree modified and affirmed.*