(No. 12210.—Judgment affirmed.)
JOHN S. LEVEL, Plaintiff in Error, *vs.* JOHN GOOSMAN,
Defendant in Error.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. REDEMPTION—*redemption statutes will be liberally construed.*
The object of the statutes with regard to redemption is that the
property of the debtor may pay as many of his liabilities as pos-
sible, and to that end the statutes are to be liberally construed.

2. SAME—*right of creditor to redeem does not depend upon any
lien.* The right of a creditor to redeem does not depend upon any
lien and exists solely by virtue of section 20 of the act concerning
judgments and decrees.

3. SAME—*judgment of municipal court in fourth-class case may
be the basis of redemption in another county.* A transcript of a
judgment of the municipal court of Chicago in a fourth-class case,
when filed in the office of the circuit clerk of another county and
execution is issued thereon, authorizes a redemption of the debtor's
real estate in such county even though no transcript of such judg-
ment was filed in Cook county.

4. SAME—*transcript of judgment need not show jurisdiction of
defendant.* It is not essential to a valid redemption that the tran-
script of the judgment of the municipal court of Chicago, which is
the basis of the redemption, shall show jurisdiction of the defend-
ant, as such court is a court of record and will be presumed to have
had jurisdiction until the contrary appears.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. FRANK W. BURTON, Judge, presiding.

CAREY E. BARNES, for plaintiff in error.

EDMUND BURKE, and CLAYTON J. BARBER, for defend-
ant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

John S. Level, plaintiff in error, brought suit in eject-
ment in the circuit court of Sangamon county against
John Goosman, defendant in error, to recover possession of

seventy-five acres of land, and the plea was the general issue. There were two trials, which resulted in judgments for the defendant, and the last judgment is under review by writ of error to the circuit court.

On August 22, 1903, the plaintiff, being the owner of the real estate, executed a mortgage of the same to George H. Souther to secure the payment of $5000, and the mortgage was assigned to the Sangamon Loan and Trust Company. The mortgage was foreclosed and the master in chancery sold the real estate under the decree on May 9, 1913, for $5772.60, to Marvin Hughitt, and delivered to him a certificate of purchase. There was no redemption by the plaintiff or his assigns during the succeeding twelve months. On July 28, 1913, L. H. Coleman filed in the office of the clerk of the circuit court of Sangamon county a transcript of a judgment of the municipal court of Chicago for $204 recovered by Axel W. Anderson against the plaintiff and assigned by Anderson to Coleman. On August 10, 1914, Coleman caused an execution to be issued on the transcript and delivered the same to the sheriff, who levied the execution on the real estate. Coleman paid the sheriff $6269.43, and thereby redeemed from the master's sale. The sheriff gave to Coleman a certificate of redemption and advertised the real estate, and on September 5, 1914, sold it for $6600 to John D. Dirks, to whom he delivered a certificate of purchase. On October 13, 1914, Coleman filed in the office of the clerk of the circuit court a transcript of another judgment for $38 recovered in the municipal court by the Lincoln Warehouse and Van Company against the plaintiff and assigned to Coleman. On October 14, 1914, Coleman caused an execution to be issued on that transcript and paid to the sheriff $6647.20 to redeem from the sale to Dirks. Under that execution the sheriff again sold the real estate on November 9, 1914, to Coleman for $7500 and gave to him a certificate of purchase. There being no further redemption within sixty days from the last sale the

sheriff executed a deed to Coleman on January 9, 1915, and on the same day Coleman conveyed the real estate by warranty deed to the defendant, John Goosman, who took possession and has been in possession of it since.

The plaintiff objected to the transcripts of the judgments on the grounds, first, that there is no authority of law for the filing of a transcript of a judgment in a case of the fourth class rendered by the municipal court of Chicago in the office of the clerk of the circuit court of another county for the purpose of making the transcript the basis of an execution to sell real estate; and second, that the transcripts were void for the reason that they did not show on their face that the municipal court had jurisdiction to render the judgments. The objections were overruled and they present the questions to be decided.

There are various statutes to be considered in determining the question raised by the first objection, and they are to be harmonized so as to give effect to the legislative will, bearing in mind that the end to be obtained by redemption laws is that the property of the debtor may pay as many of his liabilities as possible, and they are to be liberally construed to that end. (*Schuck* v. *Gerlach,* 101 Ill. 338.) The judgments were rendered by the municipal court in cases of the fourth class, and section 63 of the Municipal Court act provides that no judgment except in cases of the first and second class shall be a lien upon the real estate of the person against whom it is obtained except from the time of the filing of a certified transcript thereof in the office of the recorder of Cook county. The judgments were not liens upon real estate in Cook county. Section 1 of the act in regard to judgments and decrees provides that upon the filing in the office of the clerk of any court of record in any county in this State of a transcript of a judgment or decree rendered in any other county of this State, such judgment shall have like force and effect and shall be a lien upon the real estate of the party against whom the same is ob-

tained in the said county where filed, and execution may issue thereon in said county in like manner as in the county where originally obtained. The judgments not being liens upon real estate in Cook county, were not, by virtue of that statute, made liens upon the real estate in Sangamon county. But the right of the creditor to redeem does not depend upon any lien and exists solely by section 20 of the act concerning judgments and decrees. (*Commerce Vault Co.* v. *Barrett,* 222 Ill. 169; *Heinroth* v. *Frost,* 250 id. 102.) All that is required to enable a judgment creditor to redeem is that he should have a judgment and shall sue out an execution upon his judgment and place the same in the hands of the sheriff or other proper officer to execute the same and pay the amount necessary to redeem. The fact that the judgments were not liens either in Cook county or Sangamon county did not prevent the redemptions. When the transcripts of the judgments were filed in the office of the clerk of the circuit court of Sangamon county the statute authorized execution thereon in like manner as in the county where originally obtained. Executions might have issued in Cook county on the filing of the transcripts of the judgments in the office of the recorder, and by the act concerning judgments and decrees executions might issue in any other county upon filing transcripts in the office of the clerk of the circuit court, the place for filing the transcripts being a circumstance not material to the right of the judgment creditor. Construing the acts together to effect the intended purpose, the executions were authorized and the redemptions and sales were valid.

As to the second objection, the transcripts originally filed did not show jurisdiction of the defendant, John S. Level. But that was not necessary. Section 1 of the Municipal Court act declares that court to be a court of record, and section 51 provides that both in direct and collateral proceedings the same presumptions shall be indulged with respect to the jurisdiction of the court over the subject mat-

ter of suits and over the parties thereto, and with respect to the regularity of the proceedings of the court, as are indulged to the jurisdiction and regularity and proceedings of circuit courts in like cases. Where a circuit court renders a judgment it is presumed to have had jurisdiction until the contrary appears. (*Knowlton* v. *Knowlton,* 155 Ill. 158; *Nickrans* v. *Wilk,* 161 id. 76.) Other transcripts were afterwards filed showing an entry of appearance by the defendant, Level, in one case and service of process in the other, but, whether effective or not, they were unnecessary.

The judgment is affirmed.    *Judgment affirmed.*