H. D. Morgan, Appellant, v. Reuben Bailey Carson et al.

Gen. No. 6,672.

1. MORTGAGES, § 726*—*time when judgment creditor with lien on equity of redemption may redeem from deed absolute in form.* A judgment creditor with a lien on the equity of redemption of the mortgagor was entitled to redeem, before any judicial sale, from deeds in the form of absolute conveyances.

2. MORTGAGES, § 716*—*bill to redeem by judgment creditor with lien on equity of redemption distinguished from bill under statute.* A bill to redeem by a judgment creditor having a lien on the equity of redemption of a mortgagor has been recognized under long-established practice in chancery, and is not to be confused with redemption from judicial sales under chapter 77, secs. 18, 20 (Call. 1920 Stat. ¶¶ 6764, 6766), under which the right does not depend upon any lien on the property, but exists solely by reason of the statute, and which does not begin until after sale, when the other right ends.

3. EXECUTION, § 40*—*delay in issuing execution by death of debtor.* Under section 2 of the statute on Judgments, Decrees and Executions (J. & A. ¶ 6748), a creditor who had been delayed on account of the death of the defendant from issuing execution did not lose his lien.

4. MORTGAGES, § 716*—*when offer to pay in bill to redeem is sufficient.* In a bill to redeem by a judgment creditor of the mortgagor,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from a deed in the form of an absolute conveyance, the offer to pay anything due to the legal owner on an accounting was sufficient.

5. EQUITY, § 211*—*when general demurrer will be overruled.* Where a bill in equity sets out various claims to the interposition of the court, and a general demurrer is filed, it will be overruled if any of the claims afford a proper case for the jurisdiction of the court.

Appeal from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded with directions. Opinion filed July 18, 1919.

W. G. McROBERTS, for appellant.

ARTHUR KEITHLEY, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

The court sustained a general demurrer to a bill to redeem lands from mortgage incumbrances filed October 21, 1918, by the appellant, H. D. Morgan, against the appellee, R. B. Carson, and others interested, and dismissed the bill for want of equity. The complainant appeals. The principal question argued is whether a judgment creditor with a lien on the equity of redemption of the mortgagor is entitled to redeem.

The material facts admitted by the demurrer are that on July 17, 1917, Elizabeth Gruensfelder owned two tracts of land in Peoria, Illinois, subject to mortgage incumbrances of several thousand dollars. She then agreed with appellee Carson that he should furnish money to and for her to be secured by deeds of conveyance absolute in form of said two tracts, which she then made and delivered, and that she would within 30 days after such advances were made pay the same with interest, when said lands should be reconveyed to her; that on October 1, 1917, Carson hired

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$8,000, and mortgaged said premises as security. October 4, 1917, Elizabeth Gruensfelder was, by scire facias, made a party to a judgment of $6,140.49, and a judgment debtor in the Circuit Court of Peoria county. She died intestate November 3, 1917, leaving no considerable property except her interest in said lands. May 10, 1918, the judgment creditors sold and assigned said judgment to appellant, which assignment is of record. The mortgage liens on the lands at the time of the conveyance to Carson have been released of record. Carson is in possession of said lands and claims the conveyances to him were absolute. Carson, with the administrator and heirs of Elizabeth Gruensfelder, and the tenants in possession, are made defendants. The complainant offers to pay anything found due Carson on an accounting, and prays for specific and general relief.

It is a bill to redeem under long-established practice in chancery, and should not be confused with redemption from judicial sales under sections 18 and 20 of chapter 77 of our statute (Call. 1920 Stat. ¶¶ 6764, 6766), where the right does not depend upon any lien on the property but exists solely by reason of the statute (*Heinroth v. Frost,* 250 Ill. 102; *Wooters v. Joseph,* 137 Ill. 113; *Level v. Goosman,* 285 Ill. 347), and does not begin until after sale, when the other right ends. Appellant says there is no precedent in the reported decisions of this State for such a chancery proceeding by a judgment creditor, and suggests that it may be because judgment creditors have availed themselves of the provisions of our statute to assert their rights, but suggests no statute authorizing or in any way controlling a redemption before a judicial sale. While it may be true that redemption by a judgment creditor by proceeding in chancery is without precedent in our reported cases, still the right of redemption before sale has been repeatedly recognized by our courts. (*Brown v. Gaffney,* 28 Ill. 149; *Preschbaker v. Feaman's Heirs,*

32 Ill. 475; *Barnard v. Cushman,* 35 Ill. 451; *Dwen v. Blake,* 44 Ill. 135; *Taylor v. Dillenburg,* 168 Ill. 235; *Conkey v. Rex,* 212 Ill. 444.) There is in those cases direct authority that under the admitted facts Elizabeth Gruensfelder, had she lived, might have maintained a bill to redeem, as might also her grantee of the equity of redemption, and even her husband, having only an inchoate right of dower in her interest in the land. (*Bigoness v. Hibbard,* 267 Ill. 301.)

Appellee Carson undertakes to support the decree by saying, "that there is no privity of estate between appellant and Mrs. Gruensfelder, the judgment debtor"; therefore, he has no right to an equitable redemption. Numerous authorities are cited holding that a stranger to the title of a mortgagor has no right to make a tender of the debt or otherwise intermeddle in the relations created by the mortgage; that the right of redemption exists only in favor of one who has an interest in the land, either legal or equitable, absolute or inchoate; that to sustain a bill to redeem, the complainant must have either the mortgagor's title or some subsisting interest under it; that his interest must be derived directly or indirectly from or through the right of the mortgagor. If his interest has no connection with the mortgagor's title, he has no right to redeem. These general statements are substantially true, leaving only the question whether the owner of a judgment lien on the mortgagor's equity has such an interest.

This subject of redemption is treated in Cyc. in the article on mortgages. (27 Cyc. 1799.) It is there said the equity of redemption must be distinguished from a statutory right of redemption. There is a common-law or equitable right of redemption inherent in every transaction constituting a mortgage, or having the essential character of a mortgage. It can be cut off by regular and proper foreclosure. The right of redemption given by statutes in many States does not come in-

to existence until a foreclosure sale has been made, and then must be exercised strictly in accordance with the provisions of the law. In the following pages the classes entitled to redeem are enumerated, including (page 1809) judgment creditors of the mortgagor, or owner of the equity of redemption. We find in 2 Story's Equity Jurisprudence (13th Ed.), sec. 1023, that the equity of redemption is a subsisting estate and interest in the land, not only in the hands of the mortgagor, but also in the hands of any other persons who have acquired any interest in the lands mortgaged by operation of law; that such persons have the right to disengage the property from all incumbrances in order to make their own claims available; and among persons having that right the author names judgment creditors. In Pomeroy's Equity Jurisprudence (4th Ed.), vol. 3, sec. 1220, it is said that any person holding either a legal or equitable lien on the premises, or any part thereof, under or in privity with the mortgagor's estate, may redeem from the prior mortgage if the mortgage is due and payable. In a note a list of the various classes of persons who may redeem is given, including judgment creditors. In Jones on Mortgages (7th Ed.), vol. 2, sec. 1069, we find: "A judgment creditor of the mortgagor may redeem. It is not necessary that an execution should first be issued on the land sold." Puterbaugh's Pleading and Practice Chancery (6th Ed.), ch. 38, is devoted to the subject of bills to redeem, and on page 619 he mentions judgment creditors among parties entitled to maintain such bills. It seems to be elementary and unquestioned law that the mortgagor, and those claiming under him, may maintain a bill to redeem from the mortgage debt. Questions have arisen whether the person claiming the right of redemption was claiming under the mortgagor; but we have found no case or statement in a textbook holding or indicating that a judgment creditor of the mortgagor whose judg-

ment was a lien on the equity of redemption could not, as such, maintain a bill to redeem from the mortgage.

Appellee says that appellant's judgment is not and never was a lien upon the property in question, citing *Union Nat. Bank v. Lane,* 177 Ill. 171, but makes no further comment on that position, and bases the rest of his argument on the theory that the judgment was a lien. That case holds that a judgment is not a lien on real estate which the judgment debtor has previously conveyed to defraud creditors, for the reason that as between the parties to the conveyance it is binding until set aside, and no interest, legal or equitable, remains in the grantor upon which a lien can rest. It is not authority for appellee's assertion.

This disposes of every suggestion of law made in support of the decree. We see no reason to doubt that under the allegations of fact in the bill the deeds to Carson were intended as mortgages, and in legal effect were mortgages. (Rev. St. "Mortgages," ch. 95, sec. 12, J. & A. ¶.7587.) The judgment was a lien on the equity of redemption October 21, 1918, when this bill was filed, and appellant's rights are fixed as of that date. (*Wehrheim v. Smith,* 226 Ill. 346.) Elizabeth Gruensfelder was made a party to the judgment October 4, 1918, a year and 14 days before the filing of the bill; but she died November 3, 1917; therefore, under section 2 of our statute on Judgments, Decrees and Executions (J. & A. ¶ 6748), the creditor having been delayed, on account of the death of the defendant, from issuing execution, the judgment is still a lien. It may be added that the record shows this is an amended bill, and does not show what the original bill was, or when it was filed; therefore, we have treated the question as if it were an original bill, though it may be the rights of the complainant on a complete record date from the filing of the original bill. The offer to pay the amount found due on accounting was sufficient. (*Barnard v. Cush-*

*man,* and *Dwen v. Blake, supra.*) There may have been open to appellant other and better remedies, but we know of no law preventing his pursuit of this one. He may not be entitled to the precise specific relief prayed in his bill, but it is a general demurrer, and the rule long recognized in this State is that where a bill in equity sets out various claims to the interposition of the court, and a general demurrer is filed, it will be overruled if any of the claims afford a proper case for the jurisdiction of the court. (*Cox v. Johnson,* 242 Ill. 159, 165.) Assuming the truth of the allegations in the bill, appellant is entitled to an accounting, and entitled to redeem the premises from the lien of the mortgages given by Elizabeth Gruensfelder to Carson. There is no discussion in the briefs of the procedure that might properly follow, and we will not attempt to forecast it. Applicable rules of right and practice are readily found in the textbooks. The demurrer should be overruled and the defendants, if they or either of them desire, should have leave to answer the bill. It may develop that various parties have interests in the lands that require adjustment under established rules and practice in chancery. The decree dismissing the bill is reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded with directions*